## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
## SCRANTON DIVISION

| | |
|---|---|
| **WILLIAM F. JOHNSON and APRIL JOHNSON, on Behalf of Themselves and All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**COMMUNITY BANK, N.A. and FIRST LIBERTY BANK AND TRUST, a division of COMMUNITY BANK, N.A.,**<br><br>**Defendants.** | Case No.: 3:12-cv-01405-RDM<br><br>Hon. Robert D. Mariani<br><br>Jury Trial Demanded |

### ORDER

The Court, having entered its Memorandum Opinion granting Final Approval of Settlement, authorizing Service Awards, and granting Application For Attorneys' Fees on November 25, 2013, hereby **ORDERS AND ADJUDGES** as follows:

1.      The Court incorporates herein by reference its Memorandum Opinion.

2.      Except as specifically modified by the Memorandum Opinion, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement and Release between the Parties (collectively, the "Settlement").

3.      This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement, and to afford them an opportunity to present their objections or to request exclusion from the Settlement.  The Court also has jurisdiction over Community Bank, N.A. and First Liberty Bank and Trust, a division of Community Bank, N.A

(collectively "Community Bank"), and over the Plaintiffs, who have personally appeared in the Action pending before this Court. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6).

4.     For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All Community Bank customers in the United States who had one or more Accounts and who, during the Class Period, incurred an Overdraft Fee as a result of Community Bank's Debit Re-sequencing.

Agreement ¶ 37.

5.     The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Memorandum Opinion. The Action, as defined in the Settlement, means *Johnson v. Community Bank, N.A., et al*; 3:12-cv-01405-RDM (M.D. Pa.).

6.     Without limiting the scope of Section XV of the Settlement, as of the Effective Date, Plaintiffs and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective individual heirs, assigns, beneficiaries and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Community Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the

Action, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the assessment of one or multiple Overdraft Fees on a Community Bank Account or the amount of one or more Overdraft Fees assessed on an Account, or (b) Debit Re-Sequencing or posting order. The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for Overdraft Fees or Debit Re-sequencing or posting order: (1) the authorization, approval or handling of any Debit Card Transaction, (2) any failure to notify or to obtain advance approval when a Debit Card Transaction would or might cause a Community Bank Account to become overdrawn or further overdrawn or an Overdraft Fee to be assessed, (3) any failure to allow the holder of any Community Bank Account to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any Community Bank Account to opt-out of overdrafts, (4) any failure to adequately or clearly disclose, in one or more agreements, posting order, Debit Re-sequencing, overdrafts, Overdraft Fees, or the manner in which Debit Card Transactions are or would be approved, processed, or posted to Community Bank Accounts; (5) any conduct or statements encouraging the use of Community Bank Debit Cards, (6) the assessment of any continuing overdraft fee, and (7) any advertisements relating to any of the foregoing.

7.      Those five (5) persons identified on the List of Exclusions attached hereto as *Exhibit A* are hereby excluded from the Settlement and the Release provisions contained in paragraph 6 of this Order, shall not receive any distribution from the Settlement, and are not bound by this Order.

8.      The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including Community Bank,

3

Plaintiffs, and all Settlement Class Members, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce its Memorandum Opinion. Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to: (i) address, determine and approve the distribution of residual funds, if any, provided for in paragraph 75 of the Settlement; and (ii) adjudicate any suit, action, proceeding or dispute arising out of the Settlement. The Court shall also retain jurisdiction over all questions and disputes related to the Settlement Administrator.

9.      Nothing in the Settlement, the Memorandum Opinion, or this Order shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Community Bank or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law. Community Bank does not consent to the use of the Settlement, the Memorandum Opinion, or this Order by any party in any other proceeding.

10.     Plaintiffs and all Settlement Class Members are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Memorandum Opinion and this Order.

DONE AND ORDERED in Chambers at the William J. Nealon Federal Building & U.S. Courthouse in Scranton, Pennsylvania, this 25th day of November, 2013.

**ROBERT D. MARIANI**
**UNITED STATES DISTRICT JUDGE**

cc:  All Counsel of Record

4

## *EXHIBIT A – List of Exclusions*

1. William J. Repsher, Jr.
2. Dustin L. Austin
3. Matthew Bufano
4. Mariel Bufano
5. Janette V. Orvis